UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


FILED

| | |
|---|---|
| SHAWN OWENS,<br>Plaintiff, | No. 3:09cv1768 (WWE) 2011 JUN -2 A 11: 17 |
| v. | |
| PAUL HUSSEY, LISA MARUZO-BOLDUC, and TOWN OF WINDHAM,<br>Defendants. | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This action stems from the circumstances leading to the arrest of plaintiff Shawn Owens. Plaintiff alleges that defendant Police Officer Paul Hussey applied excessive force in violation of his constitutional rights pursuant to 42 U.S.C. § 1983 (count one); that Chief of Police Lisa Maruzo-Bolduc and the Town of Windham ("Town") are liable for pursuant to 42 U.S.C. § 1983 for failure to train the police officers concerning the necessary use of force (count two); that Officer Hussey is liable for assault and battery and negligence (counts three and four); that the Town is liable for Officer Hussey's negligence and indemnification pursuant to Connecticut General Statutes §§ 52-557n and 7-465 (count five); and that Officer Hussey and the Town of Windham are liable pursuant to the Connecticut General Statutes § 22-357. Defendants have filed a motion for summary judgment on the complaint in its entirety. For the following reasons, the motion for summary judgment will be denied in part and granted in part.

## BACKGROUND

The parties have submitted statements of undisputed facts, exhibits and

supporting materials that reveal the following undisputed facts.

At the time relevant to this action, defendant Hussey was an officer and canine-handler with the Willimantic Police Department, Town of Windham, Connecticut. Plaintiff was a twenty-one year old student at Eastern Connecticut State University.

At approximately 11:00 p.m. on October 30, 2007, plaintiff arrived at a party occurring at an apartment on Valley Street in Willimantic, Connecticut.

On October 31, 2007, at approximately 2:30 a.m., Officer Hussey was called to the apartment on a complaint that several individuals at the residence were fighting. He entered the residence through the front door along with his police canine, Zsmole. Inside the apartment, Officer Hussey observed a common area shared by two apartments, one on the first floor and another on the second floor. Access to the second floor apartment was through a tight, u-shaped stairwell located in the common area of the residence.

Officer Hussey noted that numerous college-aged individuals, many of whom were dressed in Halloween costumes, were pushing and shoving within the common stairwell and the second floor of the residence.

At some point during the party, plaintiff had been pushed down the first set of stairs to the landing. Plaintiff recollects that he attempted to go back up to the stairwell to the second floor living area. Officer Hussey represents that plaintiff appeared enraged, attempted to charge up the second flight of stairs, and resisted police efforts to place him under arrest. Hussey claims that plaintiff appeared to be too strong for the officers present to restrain him.

According to defendants, Officer Hussey observed plaintiff and another male

2

actively fighting with two other officers on the staircase. Another male at the party came to assist plaintiff by placing a chokehold around the neck of one of the officers.

Plaintiff asserts that he does not recall struggling with any police officer or any attempt by a police officer to put him under arrest. However, Officer Hussey, who asserts that he feared for the safety of the other officers, did release the canine Zsmole. Plaintiff does remember that he was attacked by the dog. After the dog released him, plaintiff was arrested and taken to Windham Hospital by ambulance.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient;

3

there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

**Excessive Force and Qualified Immunity**

Defendants assert that Officer Hussey is not liable for excessive force, or in the alternative, entitled to be shielded from liability by the doctrine of qualified immunity.

To establish an excessive force claim pursuant to the Fourth Amendment, plaintiff must establish that the force used by the officer was, in light of the circumstances, objectively reasonable. Graham v. Connor, 490 U.S. 386, 396 (1989).

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The test for qualified immunity is twofold. The threshold question is whether, taken in the light most favorable to plaintiff, the facts demonstrate that defendant Officer Hussey violated plaintiff's rights under the Fourth Amendment. The next question is

4

whether that right was clearly established within the specific context of the case. In other words, the court must consider whether the constitutional right was clear enough so that a reasonable officer would understand that his actions would violate that right. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Supreme Court recently held that applying the two prong test is no longer mandatory. Instead, the lower courts "have the discretion to decide whether that procedure is worthwhile in particular cases." Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

Thus, a qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular ... conduct." Saucier, 533 U.S. at 205. Qualified immunity applies if the officer's mistake as to what the law requires is reasonable. Id. It does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation. Malley, 475 U.S. at 341. Summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree. Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

In this case, disputed issues of fact preclude the Court from ruling on the reasonableness of defendant Officer Hussey's conduct for purposes of determining on summary judgment the merits of the claim or the defense of qualified immunity. The Court will determine the question of qualified immunity after a trial on the merits.

Municipal Liability

Plaintiff alleges that the Town and defendant Maruzo-Bolduc are liable pursuant to section 1983 for failure to train the police officers on the use of excessive force and police dogs. Defendants assert that plaintiff cannot show sufficient evidence to support his claim.

A municipality is liable for deprivation of a citizen's rights pursuant to 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts the injury. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). A plaintiff may establish the custom or policy by showing that the municipality, alerted to the possibility of unconstitutional conduct such as excessive force, exhibited deliberate indifference. Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995). To sustain a Monell claim based on a failure to supervise or discipline, the plaintiff must demonstrate that the municipality was on notice of a potentially serious problem of unconstitutional conduct, that the need for corrective action was obvious, and that the municipality failed to investigate or take action in circumstances suggesting deliberate indifference to the rights of those being harmed. Amnesty America v. Town of West Hartford, 361 F.3d 113, 128 (2d Cir. 2004). Where a municipality's efforts to evaluate the claims of excessive force "are so superficial as to suggest that its official attitude was one of indifference to the truth of the claim, such an attitude would bespeak an indifference to the rights asserted in those claims." Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986). In Fiacco, the Chief of Police conducted the investigations into citizen complaints according to however much information he deemed necessary, which consisted generally of interviewing only the officers involved, with no formal statement

being taken from the complainant, no file or written record being created, and no hearing held. Id. at 331. However, if the municipality has taken steps to address or investigate the violation, plaintiff must show that the response was so patently inadequate so as to amount to deliberate indifference. Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007).

Here, plaintiff has not adduced any evidence that suggests that the Town or defendant Maruzo-Bolduc failed to provide proper training for the police officers, or that there is a causal link between any municipal policy or custom and the alleged use of excessive force by Officer Hussey. Summary judgment will be granted on this claim.

**Assault and Battery**

Defendants argue that Officer Hussey's conduct was justified and therefore he cannot be liable for assault and battery. Defendant relies upon Connecticut statutory law, including section 53a-22, which provides that a police officer is justified in the use of force when he "reasonably believes" such force is necessary to effect an arrest, to prevent escape or to defend himself or a third person. In light of the aforementioned disputed issues of fact, the Court cannot determine whether the use of force was justified and will deny the motion for summary judgment.

**Negligence Claims**

Plaintiff alleges that defendant Officer Hussey was negligent in failing to exercise reasonable care when he released the police dog and thereby allowed plaintiff to be attacked. He asserts that both Officer Hussey and the Town are liable for the negligence.

Section 52-557n provides that a "political subdivision of the state shall be liable for damages to person or property caused by: (A) the negligent acts or omissions of such political subdivision." The statute provides governmental immunity from liability where the "negligent acts or omissions ... require the exercise of judgment or discretion." Conn. Gen. Stat. § 52-557n(a)(1)(A).

The operation of a police department is a discretionary governmental function and the negligent acts or omissions connected to its operation do not give rise to municipal liability. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 179-80 (1988). Thus, to the extent that plaintiff alleges that the Town is liable for a negligent act or omission in operating the police department that resulted in Officer Hussey's conduct, it cannot be held directly liable unless there is an applicable exception to this statutory immunity. However, as previously discussed, plaintiff has not adduced any evidence to support its assertion that the Town's negligent act or omission had a causal connection to his alleged injuries. Accordingly, summary judgment will be granted as to the Town.

Municipal employees are immune from liability for the performance of their discretionary acts. Evon v. Andrews, 211 Conn. 501, 505 (1989). "The hallmark of a discretionary act is that it requires the exercise of judgment." Lombard v. Edward J. Peters, Jr. P.C., 252 Conn. 623, 628 (2000). The manner in which a police officer makes an arrest, including when to use force, is a discretionary act. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180-181 (1988) (policing community and investigating those who break the law is discretionary function); see also Galindez v. Miller, 285 F. Supp. 2d 190, 195 (D. Conn. 2003) (determination of what level of force

to use under the circumstances "appears to fit" within framework of police discretion). Connecticut recognizes three exceptions to governmental immunity: (1) where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to an imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal official for failing to enforce certain laws; and (3) where the alleged acts involve malice, wantonness, or intent to injure, rather than negligence. Purzycki v. Town of Fairfield, 244 Conn. 101, 108 (1998).

To establish that the identifiable victim/imminent harm exception applies, a plaintiff must show: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to harm. Doe v. Petersen, 279 Conn. 607, 616, 903 A.2d 191 (2006). An imminent harm is limited in duration and the potential for harm must be significant and foreseeable. Purzycki, 244 Conn. at 110. However, the exception has been applied narrowly because liability premised on the assumption that some harm could happen to someone would hinder the exercise of official discretion. Evon, 211 Conn. at 508.

The determination of whether such qualified immunity applies is generally a question of law unless there exists unresolved material issues of fact that are properly left to a jury's determination. Mulligan v. Rioux, 229 Conn. 716, 727 (1994). In the instant case, the jury must resolve disputed issues of fact as to whether defendant Officer Hussey's conduct constitutes excessive force and assault and battery. If excessive force were found to exist, it would be possible for a reasonable jury to find that defendant Hussey failed to prevent plaintiff, who could be considered an

9

identifiable victim, from being subjected to an imminent harm of being bitten by the police dog. In light of the outstanding disputed issues of fact, the Court will deny the motion for summary judgment as to Officer Hussey.

**Indemnification Claim**

In Count Five, plaintiff asserts that the Town is obligated to indemnify defendant Officer Hussey pursuant to Connecticut General Statutes § 7-465 for his negligence. Section 7-465 legally obligates a municipality to pay all sums that its employees are "obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property," provided the employee's actions were not "wilful or wanton" and he or she was acting within the scope of his or her employment. In light of the denial of summary judgment as to defendant Officer Hussey on Count Four, the Court will also deny summary judgment as to the claim for indemnification.

**Liability for Dog Bites Pursuant to Connecticut General Statute § 22-357**

Plaintiff alleges that Officer Hussey and the Town are strictly liable pursuant to Connecticut General Statute § 22-357, which provides:

> If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.

It is well established that this statute does not abrogate municipal immunity. Tyron v. Town of North Branford, 58 Conn. App. 702, 720 (2000). Some cases have held that a municipality may be held liable based on discretionary conduct that subjected an

identifiable person to imminent harm. Figueroa v. City of Bridgeport, 2002 WL 31124561 (Conn. Super. Ct. 2002); see Seri v. Town of Newtown, 573 F. Supp. 2d 661, 673 (D. Conn. 2008) (citing cases applying exception). However, as previously discussed, plaintiff has not proffered any evidence raising an inference that the Town's act or omission had any causal relationship to his injuries. Accordingly, the Town is entitled to immunity on this claim. The Court will enter summary judgment in its favor.

The Court will deny summary judgment as to Officer Hussey in light of the genuine issues of fact concerning the circumstances that gave rise to the release of the police canine as previously discussed.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. #32] is DENIED as to Counts One, Three, Four, and Six and the portion of Count Five concerning indemnification. Otherwise, summary judgment is GRANTED on the claims against the Town and defendant Maruzo-Bolduc as alleged in Counts Two, Five and Seven.

Plaintiff is instructed to amend his complaint within fourteen days of this decision's issuing date.

Dated this 1st day of June 2011 at Bridgeport, Connecticut.

_____
Warren W. Eginton
Senior United States District Judge